Hyman, C. J.
The defendants, Richard C. Downs and his wife, Lavenia J. Downs, appellants from a final judgment rendered against them in favor of plaintiff, have brought up to this Court a transcript of appeal.
This transcript, according to the amended certificate of the clerk of the District Court, does not contain a copy of all tho testimony adduced on the trial of the case in tho lower Court.
In the transcript there is no statement of facts, bill of exceptions to the opinion of the Judge, or special verdict.
When a transcript is thus brought up to this Court, the Articles 896 and 897 of the Code of Practice require the dismissal of the appeal, unless the appellants, within ten days after it is brought up, file an assignment of the errors of the District Court as to the law, and which errors must appear from the face of the record.
Each of defendants filed their assignment of errors of law, within the time required by the articles of the Code.
Richard O. Downs assigned for error—first, that his exception, pleading therein want of amicable demand, was neither overruled nor set aside, before the final judgment was rendered against him.
This exception should have been pleaded before issue was joined by a judgment by default against him.
After issue was joined this Court did properly in proceeding in the trial of the case, as if no such exception had been filed.
And, secondly, that the final judgment was rendered against him, without a judgment by default having been first taken against him.
The record contradicts that last named ground. A judgment by default was taken against Mm on the 18th of April, 1866, (and final judgment was rendered against him in May, 1866.)
Lavenia J. Downs, the wife, has, in her assignment, pointed out several errors of law.
It is needless, for the decision of this case, to notice but one, and that is that she was condemned without being legally cited.
She made no appearance in the lower Court,
*209 Service of a citation and a copy of the petition was made on R. O. Downs, her husband, and a single service of citation and a copy of the petition on the husband in a suit against the husband and wife, (where the wife is not separated from bed and board from him by a judgment), is a sufficient service of citation and petition on her. See Code of Practice, Art. 182.
The citation served on Richard C. Downs, was addressed to “R. C. Downs,” alone, and the question is whether a citation so addressed and served is a valid service of citation on his wife. Article 178 of same Code says that the clerk of the Court shall make a copy of the petition, and that he must annex to the copy a citation addressed to the defendant in the form prescribed in the following article. That article declares that the citation addressed to the defendant must mention the title of the cause, the name of the defendant to whom it is addressed, the place of residence, etc.
It is evident from these articles that the lawmaker required that, to make a citation valid against a defendant, it should be addressed to that defendant. And although service of one citation and a copy of petition on the husband, when both husband and wife are sued together, is a sufficient service of citation on the wife, yet this provision of law does not dispense with the requirement of the law, that the citation should be addressed to the defendant, the wife as well as to the husband, when sued together.
In referring to Article 192 of same Code, we become more confident, in our opinion, that the intention of the law is that citation should be addressed, as well as to the wife as to the husband, when they are sued together; for this article certainly requires that citation should be addressed to the wife when sued alone, although a service of the same on the husband, as in the case when husband and wife are sued together, would be a sufficient service on the wife.
A citation written out and addressed in the form required by law, and the service thereof, together with the copy of petition on the party on whom the law requires service to be made, is the only way in which a defendant can in ordinary proceedings be brought into Court. Proceedings taken against a defendant, (unless they are conservatory acts), before citation in ordinary actions, are null.
It is decreed that the judgment of the District Court against Richard C. Downs be affirmed, with costs of appeal.
It is further decreed, that the judgment of the District Court against Mrs. Richard C. Downs alias Lavenia J. Downs, wife of Richard C. Downs, be annulled, avoided and reversed. It is further decreed, that the case be remanded, as to her, to the District Court, to be proceeded with according to law. The plaintiff to pay the costs of appeal caused by her appeal.